IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOCELYN RODRÍGUEZ,<br><br>    Plaintiff<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for R-G PREMIER BANK OF PUERTO RICO, et al.,<br><br>    Defendants | CIVIL NO. 10-1656 (JP) |

**OPINION AND ORDER**

Before the Court is Defendant Federal Deposit Insurance Corporation's, in its capacity as Receiver for R-G Premier Bank of Puerto Rico ("R-G Premier") (hereinafter "FDIC-R"), motion requesting a stay of this proceeding pending the completion of the mandatory administrative claims process.[1] (**No. 11**).  Plaintiff has not opposed Defendant's motion.  For the reasons stated herein, Defendant's motion is hereby **GRANTED**.[2]

---

1.  Defendant FDIC-R specifically requests that the case be stayed until the earlier of (I) 180 days after Plaintiff submits her claims to the FDIC-R in compliance with the mandatory administrative claims process established under 12 U.S.C. § 1821 or (ii) 10 days after the FDIC-R serves upon Plaintiff a notice informing her of the disposition of her claims.  The Court hereby **ORDERS** Defendant FDIC-R to file an informative motion with the Court as to the status of the administrative claims process on or before August 4, 2011.

2.  Also pending before the Court is Defendant FDIC-R's motion requesting an order designating a magistrate judge (**No. 3**).  Said motion is **DENIED**.  In addition, Defendant R&G Financial Corporation ("R&G Financial") filed a motion to stay the proceedings against it due to bankruptcy (**No. 5**).  Defendant informs the Court that on May 14, 2010 it filed a petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101, *et seq.*  Defendant R&G Financial's motion to stay the proceedings against it is **GRANTED**.  Further, the Court orders

CIVIL NO. 10-1656 (JP)            -2-

By way of background, Defendant FDIC-R removed this case on July 14, 2010 from the Court of First Instance, San Juan Superior Part, Commonwealth of Puerto Rico. Defendant FDIC-R states that a mandatory administrative claims process has been established under 12 U.S.C. § 1821(d)(3)-(13) ("Section 1821"). Defendant argues that, as a matter of law, Plaintiff may not litigate or otherwise pursue the claims asserted in this case unless and until she has first complied with, and completed, Section 1821's mandatory administrative claims process. According to Defendant FDIC-R, the claims process serves to centralize the initial consideration and resolution of claims against a failed financial institution by requiring that all claims be submitted to the FDIC-R by a certain date established by the Receiver (the "claims bar date") and then the FDIC-R has up to 180 days to review each claim and either grant or deny the claim. 12 U.S.C. § 1821(d)(5)(A)(I).

The administrative claims process is mandatory, and a claim is barred unless it has been presented under the administrative claims review process. See Simon v. FDIC, 48 F.3d 53, 56 (1st Cir. 1995) (finding that "Section 1821(d)(13)(D)(I) bars all claims against the assets of a failed financial institution which have not been presented under the administrative claims review process") (citing

---

Defendant R&G Financial to update the Court on or before April 4, 2011 regarding the status of the bankruptcy proceedings. In addition, Defendant FDIC-R previously requested a stay of the proceedings until September 21, 2010 (**No. 6**). Given the date of that motion and the instant order staying the case, said motion is **MOOTED.**

CIVIL NO. 10-1656 (JP)            -3-

12 U.S.C. § 1821(d)(3)-(10)).  In the instant case, Plaintiff has not completed the mandatory administrative claims process.  Thus, the Court does not have jurisdiction over the instant action until such time as the administrative claims process is completed.

Accordingly, for the reasons stated herein, the Court **GRANTS** Defendant FDIC-R's motion to stay the proceedings pending the completion of the mandatory administrative claims process.  The Court further orders Defendant FDIC-R to notify the Court of the status of the administrative claims process **on or before August 4, 2011.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of March, 2011.

                                    s/José Antonio Fusté
                                    JOSÉ ANTONIO FUSTÉ
                                 CHIEF U.S. DISTRICT JUDGE