IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOCELYN RODRIGUEZ,<br><br>       Plaintiff<br><br>       v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION, et al.,<br><br>       Defendants | CIVIL NO. 10-1656 (JAF/JP) |

**OPINION AND ORDER**

Before the Court are: (1) Defendant R&G Mortgage Corp.'s ("R&G Mortgage") motion for summary judgment (**No. 13**); and (2) a motion to dismiss for failure to exhaust administrative remedies filed by Defendant Federal Deposit Insurance Corporation ("FDIC"), as Receiver of R-G Premier Bank of Puerto Rico ("R-G") (**No. 14**). Said motions are unopposed (No. 23). For the reasons stated herein, Defendants' motions are hereby **GRANTED**.

**I.**

**INTRODUCTION**

Plaintiff Jocelyn Rodriguez ("Rodriguez") allegedly was dismissed from her employment in November 2009. On December 29, 2009, Plaintiff filed a complaint in the Puerto Rico Court of First Instance alleging unjust dismissal and pregnancy discrimination under

CIVIL NO. 10-1656 (JAF/JP)        -2-

Puerto Rico law. Plaintiff brought her claims against R-G, R&G Mortgage and R&G Financial Corporation ("R&G Financial").

On April 30, 2010, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed R-G and caused the FDIC to be appointed as receiver. As such, on June 16, 2010, the Court of First Instance of Puerto Rico entered an order substituting FDIC as the Defendant and real party in interest in place of R-G. This case was then removed to the United States District Court for the District of Puerto Rico on July 14, 2010 (No. 1).

The FDIC published a notice to the creditors of R-G advising them that their claim had to be filed on or before August 4, 2010, the claims bar date. Even though the claims bar date had passed, the FDIC sent Plaintiff a discovered creditor notice, dated October 13, 2010, setting forth the requirements under which Plaintiff might be able to participate in the administrative claims process by submitting a proof of claim on or before January 11, 2011. The letter also clarified that it was not an extension of the claims bar date and that Plaintiff had to submit supporting documentation, such as evidence that Plaintiff lacked knowledge of the appointment of the receiver, along with the proof of claim.

Plaintiff's proof of claim was not received until January 18, 2011, one week after the deadline set out in the discovered creditor notice. Also, Plaintiff failed to submit any supporting documentation

CIVIL NO. 10-1656 (JAF/JP)      -3-

that she lacked knowledge about the appointment of the receiver. Since Plaintiff did not comply with the requirements of the notice to discovered creditors, her claim was disallowed by the FDIC on January 28, 2011.

## II.

## LEGAL STANDARD

### A.  Motion For Summary Judgment

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Zambrana-Marrero v. Suarez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993); Canal Ins. Co. v. Benner, 980 F.2d 23, 25 (1st Cir. 1992). The Supreme Court has stated that "only disputes

CIVIL NO. 10-1656 (JAF/JP)      -4-

over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case. See Mack v. Great Atl. and Pac. Tea Co., Inc., 871 F.2d 179, 181 (1st Cir. 1989).

On a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the movant meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. See Anderson, 477 U.S. at 248; Celotex, 477 U.S. at 324; Goldman, 985 F.2d at 1116.

**B.   Motion To Dismiss**

Federal courts are courts of limited jurisdiction. Destek Group v. State of New Hampshire Public Utilities Commission, 318 F.3d 32, 38 (1st Cir. 2003).  The party claiming there is jurisdiction carries the burden of showing that the court has

CIVIL NO. 10-1656 (JAF/JP)     -5-

jurisdiction. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

Motions brought under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) are subject to a similar standard as FRCP 12(b)(6) motions. Torres Maysonet v. Drillex, S.E., 229 F. Supp. 2d 105, 107 (D.P.R. 2002). A court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992); see also Torres Maysonet, 229 F. Supp. 2d at 107.

### III.

### ANALYSIS

Defendant R&G Mortgage argues that summary judgment should be granted in its favor because Plaintiff was not an employee of R&G Mortgage at the time of her dismissal. Defendant FDIC argues that its motion to dismiss should be granted because Plaintiff failed to comply with the mandatory procedural requirements of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). The Court will now consider Defendants' unopposed arguments.

**A.   Claims Against R&G Mortgage**

R&G Mortgage argues that the claims against it should be dismissed because it was not Plaintiff's employer at the time of her dismissal.

CIVIL NO. 10-1656 (JAF/JP)        -6-

After considering the argument, the Court determines that summary judgment should be granted in favor of Defendant R&G Mortgage. Plaintiff brought causes of action against R&G Mortgage alleging unjust dismissal under Puerto Rico Law 80, P.R. Laws Ann. tit. 29, §§ 185a *et seq*. ("Law 80"), and pregnancy discrimination under Puerto Rico Law 100, P.R. Laws Ann. tit. 29, §§ 146 *et seq*. ("Law 100"). However, Law 80 and Law 100 create causes of action between an employee and his or her employer. See P.R. Laws Ann. tit. 29, § 185a (prohibiting employers from dismissing employees without just cause); P.R. Laws Ann. tit. 29, § 146 ("[a]ny employer who discharges, lays off or discriminates against an employee" based on any of the protected categories can incur civil and/or criminal penalties).

Here, Defendant R&G Mortgage has presented evidence that Plaintiff was employed with it until February 2009 and that, thereafter, Plaintiff became an employee of R-G. Plaintiff has not presented any evidence or arguments to contradict this. Plaintiff was therefore not an employee of R&G Mortgage at the time of her dismissal in November 2009. As such, Plaintiff cannot succeed on her Law 80 and Law 100 claims against R&G Mortgage since R&G Mortgage was not her employer at the time of dismissal.

CIVIL NO. 10-1656 (JAF/JP)        -7-

**B.   Claims Against FDIC As Receiver For R-G**

The FDIC, as receiver, must conserve and preserve a failed institution's assets, liquidate those assets when appropriate, and use the proceeds of liquidation to make distributions among the failed institution's valid creditors. See 12 U.S.C. §§ 1821(d)(2)(A)(ii); 1821(d)(2)(B) and (E). As part of the scheme for winding up failed financial institutions, Congress created a statutory procedure for the orderly and efficient processing of claims. The administrative claims process, set forth in 12 U.S.C. §§ 1821(d)(3)-(13), requires that all claims be submitted to the FDIC by a date established by the receiver. Said deadline is the claims bar date. After receiving those claims, the FDIC has up to 180 days to review said claims and either allow or disallow the timely claims. 12 U.S.C. § 1821(d)(5)(A)(i).

Untimely claims must be disallowed unless "the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date[.]" 12 U.S.C. § 1821(d)(5)(C). In that case, an untimely claim "may be considered by the receiver" provided the claim is "filed in time to permit payment[.]" Id. Failure to comply with the mandatory administrative claims process deprives courts of jurisdiction. See 12 U.S.C. § 1821(d)(13)(D); Simon v. F.D.I.C., 48 F.3d 53, 56 (1st Cir. 1995) ("Section 1821(d)(13)(D)(i) bars all claims against the assets of a failed financial institution

CIVIL NO. 10-1656 (JAF/JP)      -8-

which have not been presented under the administrative claims review process").

In the instant case, the claims bar date was August 4, 2010. Plaintiff failed to submit her proof of claim by the August 4, 2010 claims bar date. She also failed to submit her proof of claim by the January 11, 2011 deadline established by the discovered creditor notice. When Plaintiff sent her untimely proof of claim, she failed to provide supporting documentation showing that she lacked knowledge of the appointment of the receiver. Under these circumstances, the Court determines that Plaintiff has failed to meet the mandatory administrative claims process requirements and therefore Plaintiff cannot meet the jurisdictional prerequisite for maintaining this action. As such, the FDIC is entitled to dismissal of the action with prejudice.

**C.    Claims Against R&G Financial**

In addition to her claims against the FDIC and R&G Mortgage, Plaintiff brought Puerto Rico law claims against Defendant R&G Financial. However, with the dismissal of the claims against the FDIC, there are no pending claims giving rise to federal jurisdiction. 12 U.S.C. § 1819(b)(2)(A); <u>Laureano-Vega v. F.D.I.C.</u>, 2011 WL 3475313 at *3 (D.P.R. Aug. 8, 2011) (Fuste, J.).

As such, dismissal of the pending state law claims is proper because an independent jurisdictional basis is lacking. Exercising

CIVIL NO. 10-1656 (JAF/JP)        -9-

jurisdiction over pendent state law claims once the federal law claims are no longer present in the lawsuit is discretionary. See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991). Here, the Court chooses not to hear the state law claims brought by Plaintiff against Defendant R&G Financial. Accordingly, the Court will enter judgment dismissing the claims against R&G Financial without prejudice.

**IV.**

**CONCLUSION**

Thus, the Court grants Defendant FDIC's motion to dismiss and Defendant R&G Mortgage's motion for summary judgment. Accordingly, the Court will enter a separate Final Judgment dismissing the claims against FDIC and R&G Mortgage with prejudice and the claims against R&G Financial without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of September, 2011.

                                       S/JOSE ANTONIO FUSTE
                                       JOSÉ ANTONIO FUSTÉ
                                       UNITED STATES DISTRICT JUDGE